### UNITED STATES DISTRICT COURT
### NORTHERN DISTRICT OF TEXAS

| | |
|---|---|
| GUARDIAN PHARMACY, LLC d/b/a<br>GUARDIAN PHARMACY SERVICES, an<br>Indiana limited liability company<br><br>       Plaintiff,<br><br>v.<br><br>JMA PARTNERS, INC. d/b/a GUARDIAN<br>PHARMACY SERVICES, a Texas corporation<br><br>       Defendant. | Civil Action No. 3:19-cv-00872-G |

### DEFENDANT'S ORIGINAL ANSWER

Defendant JMA Partners, Inc. d/b/a Guardian Pharmacy Services ("Defendant"), through its undersigned counsel, makes the following Answer to the Complaint ("Complaint") of Plaintiff Guardian Pharmacy, LLC d/b/a Guardian Pharmacy Services ("Plaintiff"):

### I.
### COMPLAINT

### SUBSTANCE OF THE ACTION

1.      Defendant admits that Plaintiff has made certain allegations of federal service mark infringement, federal false designation of origin and unfair competition, and breach of contract. To the extent the allegations in Paragraph 1 are legal conclusions, Defendant is not required to respond.

2.      Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 2 of the Complaint and therefore denies the same.

3.      Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 3 of the Complaint and therefore denies the same

4.     Defendant admits Plaintiff is listed as the owner on the United States Patent and Trademark Office ("USPTO") for the Word Mark "GUARDIAN PHARMACY;" Serial Number 76556505 and Registration Number 3046635; Goods and Services: (Int'l Class: 35) Wholesale distributorship featuring pharmaceuticals.  Defendant admits Plaintiff is listed as the owner on the USPTO for the Word Mark "GUARDIAN PHARMACY;" Serial Number 86671554 and Registration Number 4922165; Goods and Services: (Int'l Class: 35) Retail pharmacy services, namely, filling and distributing prescription medications for assisted living and long-term care facilities and their residents, patients, and physicians.  Defendant admits Plaintiff is listed as the owner on the USPTO for the Word Mark "GUARDIAN PHARMACY" and the design shown in the Complaint; Serial Number 86671613 and Registration Number 4922167; Goods and Services: (Int'l Class: 35) Retail pharmacy services, namely, filling and distributing prescription medications for assisted living and long-term care facilities and their residents, patients, and physicians. Defendant admits Plaintiff is listed as the owner on the USPTO for the Word Mark "GUARDIAN PHARMACY" and the design shown in the Complaint; Serial Number 86671666 and Registration Number 4922168; Goods and Services: (Int'l Class: 44) Maintaining patient medication administration records and files for assisted living and long-term care facilities, patients, and physicians; providing pharmaceutical advice to assisted living and long-term care facilities, their residents, patients, and physicians.  Defendant admits Plaintiff is listed as the owner on the USPTO for the Word Mark "GUARDIAN ADVANTAGE;" Serial Number 88009844; Goods and Services: (Int'l Class: 35) Retail pharmacy services; institutional retail pharmacy services, namely, filling and distributing prescription medications for assisted living and long-term care facilities and their residents, patients, and physicians.  Defendant admits Plaintiff is listed as the owner on the USPTO for the Word Mark "THEY TRUST YOU TO BE THEIR GUARDIAN.  YOU CAN

TRUST US TO BE YOURS;" Serial Number 88112150 and Registration Number 5675430; Goods and Services: (Int'l Class: 35) Retail pharmacy services; institutional retail pharmacy services, namely, filling and distributing prescription medications for assisted living and long-term care facilities and their residents, patients, and physicians.  Defendant admits Plaintiff is listed as the owner on the USPTO for the Word Mark "THEY TRUST YOU TO BE THEIR GUARDIAN. YOU CAN TRUST US TO BE YOURS;" Serial Number 88112176; Goods and Services: (Int'l Class: 44) Maintaining patient medication administration records and files for assisted living and long-term care facilities, patients, and physicians; providing pharmaceutical advice to assisted living and long-term care facilities, their residents, patients, and physicians.  Defendant admits Plaintiff is listed as the owner on the USPTO for the Word Mark "TRUST US TO BE YOUR GUARDIAN;" Serial Number 87590121 and Registration Number 5517306; Goods and Services: (Int'l Class: 35) Retail pharmacy services; institutional retail pharmacy services, namely, filling and distributing prescription medications for assisted living and long-term care facilities and their residents, patients, and physicians; (Int'l Class: 44) Maintaining patient medication administration records and files for assisted living and long-term care facilities, patients, and physicians; providing pharmaceutical advice to assisted living and long-term care facilities, their residents, patients, and physicians.

5.      Defendant admits that registration No. 3,046,635 for "GUARDIAN PHARMACY" for wholesale distributorship featuring pharmaceuticals in Class 35 was filed on October 17, 2003. To the extent the allegations in Paragraph 5 are legal conclusions, Defendant is not required to respond.

6.      The content of the document attached to the Complaint as Exhibit A speaks for itself.

7.      Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 7 of the Complaint and therefore denies the same.

8.      Defendant admits that it started using the name "Guardian Pharmacy Services" after Plaintiff filed and obtained its ownership in its "GUARDIAN PHARMACY SERVICES" Marks. To the extent the allegations in Paragraph 8 are legal conclusions, Defendant is not required to respond.  For further response, Defendant lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 8 of the Complaint and therefore denies the same.

9.      To the extent the allegations in Paragraph 9 are legal conclusions, Defendant is not required to respond.  For further response, Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 9 and therefore denies the same.  For further response, to the extent the allegations in Paragraph 9 are based on the complaint filed by the U.S. Department of Justice ("DOJ") on behalf of the U.S. Food and Drug Administration ("FDA"), as well as the entry of a consent decree by U.S. Chief District Judge Barbara M.G. Lynn, such documents are public records, the contents of which speak for themselves.  For further response, Defendant denies that it ignored the "repeated … warnings from the FDA."

10.     Defendant admits that Plaintiff's Complaint asserts claims for federal service mark infringement in violation of Section 32 of the Trademark Act of 1946, 15 U.S.C. §114 (Count One); for federal unfair competition and false designation of origin in violation of Section 43(a) of the Trademark Act of 1946, 15 U.S.C. §1125(a) (Count Two); and for breach of contract (Count Three).  Defendant admits that Plaintiff's Complaint seeks injunctive relief.  Defendant, however, specifically denies Plaintiff is entitled to any relief.  Defendant denies any "ongoing" use of any mark because Defendant has closed and surrendered its pharmacy license to the Texas State Board

of Pharmacy ("TSBP"). To the extent the allegations in Paragraph 10 are legal conclusions, Defendant is required to respond.

## PARTIES, JURISDICTION AND VENUE

11.     Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 11 of the Complaint and therefore denies the same.

12.     Defendant admits the allegations in Paragraph 12 of the Complaint.

13.     Defendant admits the allegations in Paragraph 13 of the Complaint.

14.     Defendant admits that Plaintiff has made certain allegations that would provide this Court with original jurisdiction under 28 U.S.C. §§1331 and 1338(a) and (b), but specifically denies Plaintiff is entitled to any relief. Defendant admits that Plaintiff has made certain allegations under state common law that would provide this Court with supplemental jurisdiction under 28 U.S.C. §§1338(b) and 1367(a), but specifically denies Plaintiff is entitled to any relief.

15.     Defendant admits this Court has personal jurisdiction over Defendant. Defendant denies that it regularly conducts and solicits business within Texas and in the North District of Texas (the "District"). Defendant denies such allegations because Defendant has closed and surrendered its pharmacy license to the TSBP. Defendant denies that it directly and/or through intermediaries, ships, distributes, offers for sale, sells, and/or advertises pharmaceuticals and any related services to consumers and retailers in Texas and this District. Defendant denies such allegations because Defendant has closed and surrendered its pharmacy license to the TSBP. To the extent Plaintiff's allegations in Paragraph 15 are legal conclusions, Defendant is not required to respond.

16.     Defendant admits that Plaintiff has made certain allegations that would result in proper venue in this District under 28 U.S.C. §1391(b)(1), (b)(2), and (c)(2), but specifically denies

Plaintiff is entitled to any relief.  To the extent Plaintiff's allegations in Paragraph 16 are legal conclusions, Defendant is not required to respond.

## FACTS COMMON TO ALL COUNTS

### Guardian and Its Business

17.    Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 17 of the Complaint and therefore denies the same.

18.    Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 18 of the Complaint and therefore denies the same.

19.    Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 19 of the Complaint and therefore denies the same.

### The GUARDIAN PHARMACY Marks

20.    Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 20 of the Complaint and therefore denies the same.

21.    Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 21 of the Complaint and therefore denies the same.

22.    Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 22 of the Complaint and therefore denies the same.

23.    To the extent Plaintiff's allegations in Paragraph 23 are legal conclusions, Defendant is not required to respond.

24.    Defendant admits Plaintiff is listed as the owner on the USPTO for the Word Marks listed in Paragraph 4 of the Complaint. To the extent Plaintiff's allegations in Paragraph 24 are legal conclusions, Defendant is not required to respond.

25.     Defendant admits Plaintiff is listed as the owner on the USPTO for the Word Mark "GUARDIAN PHARMACY," Registration No. 3,046,635.  To the extent Plaintiff's allegations in Paragraph 25 are legal conclusions, Defendant is not required to respond.

26.     Defendant admits Plaintiff is listed as the owner on the USPTO for the Word Mark "GUARDIAN PHARMACY," Registration No. 3046635.  To the extent Plaintiff's allegations in Paragraph 26 are legal conclusions, Defendant is not required to respond.

27.     Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 27 of the Complaint and therefore denies the same.

28.     To the extent Plaintiff's allegations in Paragraph 28 are legal conclusions, Defendant is not required to respond.

29.     To the extent Plaintiff's allegations in Paragraph 29 are legal conclusions, Defendant is not required to respond.

30.     Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 30 of the Complaint and therefore denies the same.

31.     Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 31 of the Complaint and therefore denies the same.

32.     Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 32 of the Complaint and therefore denies the same.

33.     Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 33 of the Complaint and therefore denies the same.

34.     Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 34 of the Complaint and therefore denies the same.

## Defendant's Operations and Unlawful Activities

35.     Defendant denies the allegations in Paragraph 35.  Defendant has closed and surrendered its pharmacy license to the TSBP.  However, Defendant admits that, prior to closing and surrendering its pharmacy license to the TSBP, it was a compounding pharmacy that operated under the name "Guardian Pharmacy Services" until on or about September 25, 2017 when the parties entered into a Settlement Agreement.  Defendant stopped providing home infusion in early 2016.

36.     Defendant denies the allegations in Paragraph 36.

37.     To the extent the allegations in Paragraph 37 are based on the findings by the FDA, such documents are public records, the contents of which speak for themselves.

38.     To the extent the allegations in Paragraph 38 are based on the findings by the FDA, such documents are public records, the contents of which speak for themselves.

39.     Defendant admits that it started using the name "Guardian Pharmacy Services" after Plaintiff filed and obtained its ownership in its "GUARDIAN PHARMACY SERVICES" Marks. To the extent Plaintiff's allegations in Paragraph 39 are legal conclusions, Defendant is not required to respond.  For further response, Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 39 of the Complaint and therefore denies the same.

40.     To the extent Plaintiff's allegations in Paragraph 40 are legal conclusions, Defendant is not required to respond.

41.     Defendant admits the allegations in Paragraph 41 of the Complaint.

42.     Defendant denies the allegations in Paragraph 42 of the Complaint.

43.     To the extent Plaintiff's allegations in Paragraph 43 are legal conclusions, Defendant is not required to respond.  For further response, Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 43 of the Complaint and therefore denies the same.

44.     Defendant denies the allegations in Paragraph 44 of the Complaint.  To the extent Plaintiff's allegations in Paragraph 44 are legal conclusions, Defendant is not required to respond. For further response, Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 44 of the Complaint and therefore denies the same.

45.     To the extent Plaintiff's allegations in Paragraph 45 are legal conclusions, Defendant is not required to respond.  For further response, Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 45 of the Complaint and therefore denies the same.

46.     To the extent Plaintiff's allegations in Paragraph 44 are legal conclusions, Defendant is not required to respond.  For further response, Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 44 of the Complaint and therefore denies the same.  Defendant admits that Plaintiff sent the letter attached to Plaintiff's Complaint as Exhibit C.

47.     Defendant admits the parties entered into a Settlement Agreement on or about September 25, 2017.  To the extent Plaintiff's allegations in Paragraph 47 are legal conclusions, Defendant is not required to respond.

48.     Defendant denies the allegations in Paragraph 48 of the Complaint.

49.     To the extent Plaintiff's allegations are based on the WFAA news segment, the content of the WFAA news segment speaks for itself.  Defendant lacks knowledge or information

sufficient to form a belief about the truth regarding whether Plaintiff's counsel sent the demand letter attached to Plaintiff's Complaint as Exhibit D.  Defendant does not deny that Plaintiff's counsel sent the March 6, 2019 demand letter.  Defendant, however, did not see March 6, 2019 demand letter attached to Plaintiff's Complaint if it was sent by Plaintiff's counsel.  Defendant admits that it did not reply to the March 6, 2019 demand letter because Defendant never received said demand letter.

50.     To the extent Plaintiff's allegations in Paragraph 50 are legal conclusions, Defendant is not required to respond.  For further response, Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 50 of the Complaint and therefore denies the same.

51.     To the extent the allegations in Paragraph 51 are based on the complaint filed by the DOJ on behalf of the FDA, as well as the entry of a consent decree by U.S. Chief District Judge Barbara M.G. Lynn, such documents are public records, the contents of which speak for themselves.  To the extent the allegations in Paragraph 51 are legal conclusions, Defendant is not required to respond.  For further response, Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 51 and therefore denies the same.  For further response,

## COUNT ONE

**Infringement of a Federally Registered Service Mark
15 U.S.A. §1114(1)(a)**

52.     Defendant incorporates by reference the preceding paragraphs as though fully set forth herein.

53.     Defendant admits Plaintiff is listed as the owner on the USPTO for the Word Marks listed in Paragraph 4 of the Complaint.

54.     To the extent the allegations in Paragraph 54 are legal conclusions, Defendant is not required to respond.   For further response, Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 54 of the Complaint and therefore denies the same.

55.     To the extent Plaintiff's allegations in Paragraph 55 are legal conclusions, Defendant is not required to respond.   For further response, Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 55 of the Complaint and therefore denies the same.

56.     Defendant filed its use of the mark "Guardian Pharmacy Services" with the Texas Secretary of State in 2013.   To the extent Plaintiff's allegations in Paragraph 56 are legal conclusions, Defendant is not required to respond.

57.     Defendant denies the allegations in Paragraph 57 of the Complaint.   To the extent the allegations in Paragraph 57 are legal conclusions, Defendant is not required to respond.

58.     Defendant denies the allegations in Paragraph 58 of the Complaint.   To the extent the allegations in Paragraph 58 are legal conclusions, Defendant is not required to respond.

59.     Defendant denies the allegations in Paragraph 59 of the Complaint.   To the extent the allegations in Paragraph 59 are legal conclusions, Defendant is not required to respond.

60.     Defendant denies the allegations in Paragraph 60 of the Complaint.   To the extent the allegations in Paragraph 60 are legal conclusions, Defendant is not required to respond.

61.     Defendant denies the allegations in Paragraph 61 of the Complaint.   To the extent the allegations in Paragraph 61 are legal conclusions, Defendant is not required to respond.

62.     Defendant denies the allegations in Paragraph 62 of the Complaint.   To the extent the allegations in Paragraph 62 are legal conclusions, Defendant is not required to respond.

63.     Defendant denies the allegations in Paragraph 63 of the Complaint.  To the extent the allegations in Paragraph 63 are legal conclusions, Defendant is not required to respond.  For further response, to the extent the allegations in Paragraph 63 are based on findings by the FDA, such documents are public records, the contents of which speak for themselves.

64.     Defendant denies the allegations in Paragraph 64 of the Complaint.  To the extent the allegations in Paragraph 64 are legal conclusions, Defendant is not required to respond.

65.     Defendant denies the allegations in Paragraph 65 of the Complaint.  To the extent the allegations in Paragraph 65 are legal conclusions, Defendant is not required to respond.

66.     Defendant denies the allegations in Paragraph 66 of the Complaint.  To the extent the allegations in Paragraph 66 are legal conclusions, Defendant is not required to respond.

## COUNT TWO

### Federal Unfair Competition
### And False Designation of Origin
### 15 U.S.C. §1125(a)

67.     Defendant incorporates by reference the preceding paragraphs as though fully set forth herein.

68.     Defendant admits Plaintiff is listed as the owner on the USPTO for the Word Marks listed in Paragraph 4 of the Complaint.

69.     Defendant denies the allegations in Paragraph 69 of the Complaint.  To the extent the allegations in Paragraph 69 are legal conclusions, Defendant is not required to respond.

70.     Defendant denies the allegations in Paragraph 70 of the Complaint.  To the extent the allegations in Paragraph 70 are legal conclusions, Defendant is not required to respond.

71.     Defendant denies the allegations in Paragraph 71 of the Complaint.  To the extent the allegations in Paragraph 71 are legal conclusions, Defendant is not required to respond.

72.     Defendant denies the allegations in Paragraph 72 of the Complaint.  To the extent the allegations in Paragraph 72 are legal conclusions, Defendant is not required to respond.

73.     Defendant denies the allegations in Paragraph 73 of the Complaint.  To the extent the allegations in Paragraph 73 are legal conclusions, Defendant is not required to respond.

74.     Defendant denies the allegations in Paragraph 74 of the Complaint.  To the extent the allegations in Paragraph 74 are legal conclusions, Defendant is not required to respond.

75.     Defendant denies the allegations in Paragraph 75 of the Complaint.  To the extent the allegations in Paragraph 75 are legal conclusions, Defendant is not required to respond.

76.     Defendant denies the allegations in Paragraph 76 of the Complaint.  To the extent the allegations in Paragraph 76 are legal conclusions, Defendant is not required to respond.

## COUNT THREE

### Breach of Contract

77.     Defendant incorporates by reference the preceding paragraphs as though fully set forth herein.

78.     Defendant admits the parties entered into a Settlement Agreement on or about September 25, 2017.  To the extent the allegations in Paragraph 78 are legal conclusions, Defendant is not required to respond.

79.     Defendant denies the allegations in Paragraph 79 of the Complaint.  Defendant never received the March 6, 2019 demand letter attached to Plaintiff's Complaint as Exhibit D.  As such, because Defendant never received the March 6, 2019 demand letter, Defendant never became a "receiving Party" as stated and contemplated in the Settlement Agreement.  Therefore, although Defendant denies having breached the Settlement Agreement, Plaintiff has not complied with all conditions precedent because Defendant was not given a thirty (30) day period to cure any alleged

breach.  For similar reasons, because Defendant never received the March 6, 2019 demand letter, Defendant and Plaintiff never made a "good faith" attempt to "resolve any controversy or claim" related to the Settlement Agreement.

80.     Defendant denies the allegations in Paragraph 80 of the Complaint.  To the extent the allegations in Paragraph 80 are legal conclusions, Defendant is not required to respond.

81.     Defendant denies the allegations in Paragraph 81 of the Complaint.  Defendant denies the allegations in Paragraph 81 because Defendant never received the March 6, 2019 demand letter.

82.     Defendant denies the allegations in Paragraph 82 of the Complaint.  To the extent the allegations in Paragraph 82 are legal conclusions, Defendant is not required to respond.

83.     Defendant denies the allegations in Paragraph 83 of the Complaint.  Defendant never received the March 6, 2019 demand letter attached to Plaintiff's Complaint as Exhibit D.  As such, because Defendant never received the March 6, 2019 demand letter, Defendant never became a "receiving Party" as stated and contemplated in the Settlement Agreement.  Therefore, although Defendant denies having breached the Settlement Agreement, Plaintiff has not complied with all conditions precedent because Defendant was not given a thirty (30) day period to cure any alleged breach.  For similar reasons, because Defendant never received the March 6, 2019 demand letter, Defendant and Plaintiff never made a "good faith" attempt to "resolve any controversy or claim" related to the Settlement Agreement.  For further response, Defendant further denies that Plaintiff is entitled to recover reasonable attorney fees under Texas Civil Practice and Remedies Code §38.001 because the Settlement Agreement is governed by Georgia state law, not Texas state law.

## DEMAND FOR JURY TRIAL

84.     Defendant acknowledges Plaintiff's demand for a trial by jury.

## PRAYER FOR RELIEF

85.     Defendant denies any allegations made in Plaintiff's Prayer for Relief not specifically admitted herein to be true.  Defendant denies Plaintiff is entitled to any judgment or relief whatsoever, including the relief requested in Plaintiff's Prayer for Relief, Paragraphs 1-16. Defendant requests judgment in its favor.

## II.
## AFFIRMATIVE DEFENSES

Defendant asserts the following affirmative defenses in the alternative.

## FIRST DEFENSE

Defendant is not liable to Plaintiff for its claims of Infringement of a Federally Registered Service Mark, 15 U.S.C. §1114(1)(a) and Federal Unfair Competition and False Designation of Origin, 15 U.S.C. §1125(a) because there was no likelihood of confusion arising from any alleged wrongful acts.  Any purported evidence of actual confusion is *de minimis* and due to the actions of careless and inattentive third parties.

## SECOND DEFENSE

Plaintiff's claims may be barred, in whole or in part, by waiver.

## THIRD DEFENSE

Plaintiff's claims may be barred, in whole or in part, by release.

## FOURTH DEFENSE

Plaintiff's claims may be barred, in whole or in part, by estoppel.

## FIFTH DEFENSE

Plaintiff's claims may be barred, in whole or in part, by acquiescence.

## SIXTH DEFENSE

Plaintiff's claims may be barred, in whole or in part, by modification.

## SEVENTH DEFENSE

Plaintiff's claims may be barred, in whole or in part, by ratification.

## EIGHTH DEFENSE

Plaintiff's claims may be barred, in whole or in part, by a failure of conditions precedent. Defendant never received the March 6, 2019 demand letter attached to Plaintiff's Complaint as Exhibit D.  As such, because Defendant never received the March 6, 2019 demand letter, Defendant never became a "receiving Party" as stated and contemplated in the Settlement Agreement.  Therefore, although Defendant denies having breached the Settlement Agreement, Plaintiff has not complied with all conditions precedent because Defendant was not given a thirty (30) day period to cure any alleged breach.  For similar reasons, because Defendant never received the March 6, 2019 demand letter, Defendant and Plaintiff never made a "good faith" attempt to "resolve any controversy or claim" related to the Settlement Agreement.

## NINTH DEFENSE

The complained of alleged wrongful "use" of Plaintiff's mark was pursuant to an implied license and/or Plaintiff's permission.

## TENTH DEFENSE

Defendant reserves the right to assert other defenses as information supporting of those defenses are discovered.

\*       \*       \*

WHEREFORE, Defendant respectfully requests this Court deny Plaintiff's claims for relief, deny Plaintiff's requests for injunctive relief, deny Plaintiff's request for actual/statutory damages, punitive damages, other compensatory and restitutionary relief, profits, costs, attorney's

fees, and pre-judgment and post-judgment interest, and otherwise deny Plaintiff the relief it seeks, and grant Defendant all just and proper relief.

Dated:  May 9, 2019                                      Respectfully submitted,

                                                         /s/ Shawn Tuma
                                                         Shawn Tuma, Texas Bar No. 24013658
                                                         SPENCER FANE LLP
                                                         5700 Granite Parkway, Suite 650
                                                         Plano, Texas 75024
                                                         Tel.  (972) 324-0300
                                                         Fax.  (972) 324-0301
                                                         stuma@spencerfane.com

                                                         *Attorney for Defendant JMA Partners, Inc.
                                                         d/b/a Guardian Pharmacy Services, a Texas
                                                         corporation*

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that a true copy of the foregoing was served by email on

the following on May 9, 2019:

Shannon Z. Teicher
steicher@jw.com
Jamison M. Joiner
jjoiner@jw.com
JACKSON WALKER LLP
2323 Ross Avenue, Suite 600
Dallas, Texas 75201
Tel.  (214) 953-5987
Fax.  (214) 661-6844

John M. Bowler
john.bowler@troutman.com
Michael D. Hobbs Jr.
michael.hobbs@troutman.com
Courtney Adams Thornton
courtney.thornton@troutman.com
TROUTMAN SANDERS LLP
600 Peachtree Street, N.E., Suite 3000
Atlanta, Georgia 30308
Tel.  (404) 885-3000
Fax.  (404) 885-3995

/s/ Shawn Tuma