UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| GUARDIAN PHARMACY, LLC, d/b/a ) <br> GUARDIAN PHARMACY SERVICES, ) <br> an Indiana limited liability company, ) <br> ) <br> ) <br> Plaintiff, ) <br> ) <br> VS. ) <br> ) <br> JMA PARTNERS, INC., d/b/a ) <br> GUARDIAN PHARMACY SERVICES, a ) <br> Texas Corporation, ) <br> ) <br> Defendant. ) | CIVIL ACTION NO. <br><br> 3:19-CV-0872-G |

## CONSENT FINAL JUDGMENT AND ORDER FOR PERMANENT INJUNCTION AND OTHER RELIEF

The parties' joint motion for entry of consent final judgment and order for permanent injunction and other relief ("Consent Judgment") (docket entry 25) is **GRANTED**. It appearing that the parties have reached a settlement of all matters in dispute in this action without trial, and that, as part of such settlement, the parties, through their counsel of record, consent and agree to the entry of this Consent Judgment, which shall constitute a final judgment in this action.

Therefore, it is hereby **ORDERED**, **ADJUDGED**, and **DECREED** as follows:

## FINDINGS

1. The court has jurisdiction over the subject matter of the case and over Defendant JMA Partners, Inc. d/b/a Guardian Pharmacy Services.

2. Venue as to this action and the Defendant in the Northern District of Texas is proper under 28 U.S.C. § 1391(b) & (c).

3. On April 9, 2019, Plaintiff filed its complaint in this action alleging claims of federal service mark infringement, federal false designation of origin and unfair competition, breach of contract, and violation of the Texas deceptive trade practices law.

4. Among the intellectual property that Plaintiff seeks to protect in this action are its trade name GUARDIAN PHARMACY SERVICES and its service marks GUARDIAN PHARMACY and GUARDIAN PHARMACY and Design, which are the subjects of U.S. Registration Nos. 3046635; 4922165; 4922167; and 4922168 (collectively referred to as the "GUARDIAN PHARMACY Marks").

5. Defendant was served with the summons and complaint on April 10, 2019, and on May 9, 2019, appeared through its counsel of record and filed its Answer.

6. Defendant acknowledges liability for infringement of the GUARDIAN PHARMACY Marks, admits that it breached the settlement agreement between the parties regarding the GUARDIAN PHARMACY Marks, and admits the court's

jurisdiction and the validity and Plaintiff's ownership of the GUARDIAN PHARMACY Marks.

7.      The parties understand and agree that any violation of any term of this Consent Judgment shall give rise to the available contempt remedies and penalties.

## ORDER

### I.

It is hereby further **ORDERED**, **ADJUDGED**, and **DECREED** that this Consent Judgment shall apply to and be binding upon Plaintiff and Defendant and their successors.  Unless by operation of law, no change or changes in the ownership or corporate status or other legal status of the Defendant, including, but not limited to, any transfer of assets or of real or personal property, shall in any way alter the Defendant's responsibilities under this Consent Judgment.

### II.

It is hereby further **ORDERED**, **ADJUDGED**, and **DECREED** that, by consent of all parties, Plaintiff is awarded judgment against Defendant in the principal amount of United States Twenty Thousand Dollars (USD $20,000.00), such judgment to be paid by Defendant prior to the submission of this Consent Judgment for entry, the court finding such sum to be reasonable based on the facts presented in this action.

III.

It is hereby further **ORDERED**, **ADJUDGED**, and **DECREED** that Defendant JMA Partners, Inc., is permanently enjoined and restrained from, or assisting others from, using the GUARDIAN PHARMACY Marks, any mark incorporating the word GUARDIAN, or any colorable variation thereof in any manner, including without limitation, online, as a fictional name, corporate name, domain name, social media account, toll-free number, e-mail address, on signage, in any filing with any government agency (at any state, federal, or other level) for licensing or any other reason, product name, or in any on-line, print or other advertising, marketing or promotional materials.

It is further **ORDERED**, **ADJUDGED**, and **DECREED** that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Consent Judgment by personal service or otherwise:  (a) Defendant's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant or with anyone described in (a).

IV.

It is hereby further **ORDERED**, **ADJUDGED**, and **DECREED** that:

(1)     Within five (5) calendar days of the entry of this Consent Judgment, Defendant shall deliver to Plaintiff a signed affidavit declaring that it has complied with the requirements of Section II and III herein; and

(2)     Within fourteen (14) calendar days of the entry of this Consent Judgment, Defendant shall deliver copies of this Consent Judgment to all of its officers and directors, and to all managers and employees who have responsibility directly or indirectly for any matters covered by this Consent Judgment, and maintain a record of recipients to whom the Consent Judgment has been distributed.

V.

(1)     Defendant waives and releases:  (a) all rights to seek appellate review or otherwise challenge or contest the validity of this Consent Judgment; and (b) any claim that Defendant may have against the Plaintiff, its employees, representatives, or agents, or that relate to the matters alleged in the complaint or stated herein.

VI.

It is hereby further **ORDERED**, **ADJUDGED**, and **DECREED** that this court shall retain jurisdiction of this matter for the purpose of enforcing the terms of this Judgment.

VII.

It is hereby further **ORDERED**, **ADJUDGED**, and **DECREED** that if at any future time, Defendant is found by this court to have violated this Consent Judgment, because the actual damages and losses to Plaintiff would be difficult to determine, and the damages and losses to Plaintiff's reputation and the good will associated with the GUARDIAN PHARMACY Marks would be real, Defendant shall

pay Plaintiff as liquidated damages to compensate for such losses United States Ten Thousand Dollars (USD $10,000.00) for each day Defendant is found to have been in violation of this Consent Agreement, and all attorney's fees and costs reasonably incurred to enforce this Consent Judgment or otherwise remedy such violation. To constitute a violation of this Consent Judgment, the alleged violating acts must have been actions by Defendant that are within Defendant's control, Defendant is not otherwise in breach of this Consent Judgment, and within 15 days after receiving written notice from Plaintiff regarding any alleged violation of this Consent Judgment, Defendant shall have made reasonable efforts to cure the violation. Further, in connection with any dispute, lawsuit, and/or potential lawsuit (including any media/news reporting arising therefrom) wherein Defendant is a named party or otherwise identified, mentioned, or referenced as GUARDIAN, or any name variation thereof, Defendant's officer's, agent's, servant's, and/or attorney's use of the word GUARDIAN, or any name variation thereof, in connection with such lawsuit shall not constitute a violation of this Consent Judgment, provided that Defendant is not otherwise in breach of this Consent Judgment, and that Defendant has promptly made reasonable efforts with media or in the dispute, lawsuit or potential lawsuit to correct the use of "Guardian Pharmacy."

    In connection with any motion by the Plaintiff for contempt, and at any hearing on such motion, Defendant may not challenge the validity of the Consent or this Consent Judgment.

VIII.

It is further **ORDERED, ADJUDGED**, and **DECREED** that the Consent is incorporated herein with the same force and effect as if fully set forth herein, and that Defendant shall comply with all of the undertakings and agreements set forth herein. Defendant acknowledges that it has thoroughly reviewed this Consent Judgment with its attorneys, that it understands and agrees to its terms, and that it agrees that the terms of this Consent Judgment shall be entered as the order of this court.

IX.

There being no just reason for delay, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, the Clerk is ordered to enter this Judgment forthwith and without further notice.

**SO ORDERED**.

August 14, 2019.

_____
**A. JOE FISH**
**Senior United States District**

PRESENTED AND CONSENTED TO BY:

/s/ *Shannon Zmud Teicher*  
Shannon Z. Teicher  
Texas Bar No. 24047169  
Jamison M. Joiner  
Texas Bar No. 24093775  
Jackson Walker LLP  
2323 Ross Avenue, Suite 600  
Dallas, Texas 75201  
(T) +1 214-953-5987  
(F) +1 214-661-6844 | steicher@jw.com  

John M. Bowler (pro hac pending)  
Georgia Bar No. 071770  

Michael D. Hobbs Jr. (pro hac pending)  
Georgia Bar No. 358160  
Courtney Adams Thornton (pro hac pending)  
Georgia Bar No. 121328  
Troutman Sanders LLP  
600 Peachtree Street, N.E., Suite 3000  
Atlanta, Georgia 30308-2216  
(T) +1 404-885-3000  
(F) +1 404-885-3995  
john.bowler@troutman.com  
michael.hobbs@troutman.com  
courtney.thornton@troutman.com  

*Attorneys for Plaintiff Guardian Pharmacy, LLC, d/b/a Guardian Pharmacy Services*

/s/ *Shawn Tuma*  
Shawn Tuma  
Texas Bar No. 24013658  
SPENCER FANE LLP  
5700 Granite Parkway, Suite 650  
Plano, Texas 75024  
(T) +1 972-324-0300  
(F) +1 972-324-0301  
stuma@spencerfane.com  

*Attorney for Defendant JMA Partners, Inc. d/b/a Guardian Pharmacy Services*